Requestor: Jeffrey C. D'Angelo, Esq., Town Attorney Town of Wheatland P.O. Box 88 Caledonia, N Y 14423
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether it is proper in a town for an elected superintendent of highways to also hold the office of superintendent of public works which carries an additional salary of $2,000 annually.
First, we note that section 64(21-a) of the Town Law provides that towns of the first class or any town having a population of 10,000 or more, in which the office of superintendent of highways is appointive, may adopt a resolution establishing a department of public works and may appoint and fix the salary of a commissioner of public works to be the administrative head of the department. Town Law § 64(21-a)(1). It appears that this subdivision contemplates that in such towns the department of public works could include within it the highway function supervised by the appointive superintendent of highways. Id., § 64(21-a)(3), (4). Section 64(21-a) specifically authorizes any town in Suffolk County, whether the office of superintendent of highways is elective or appointive, to adopt a resolution establishing a department of public works headed by the town superintendent of highways.
While the town superintendent of highways is elective in the Town of Wheatland, and the town is not located in Suffolk County, we believe that the town board may enact a local law authorizing the establishment of a department of public works headed by the elected superintendent of highways. This may be accomplished using the authority of a town to enact a local law amending or superseding provisions of the Town Law dealing with subjects that are within the scope of its home rule authority. Municipal Home Rule Law § 10(1)(ii)(d)(3). Towns possess authority to enact local laws relating to the powers, duties, qualifications, etc., of its officers and employees. Id., § 10(1)(ii)(a)(1). Thus, in our view, the Town of Wheatland may amend section 64(21-a) of the Town Law to authorize its elected superintendent of highways to be the administrative head of the department of public works. In amending the Town Law, the town board should be careful to comply with section 22 of the Municipal Home Rule Law. This is one option that the town might consider in order to consolidate the duties of the two offices.
In our view, if the departments remain separate, it is inappropriate for one person to serve as both the superintendent of highways with administrative responsibility over the highway department and as superintendent of public works with separate administrative responsibility over the department of public works. As head of two separate departments of town government, we believe that a conflict of duties would exist. The same individual would have responsibility for submitting budget requests for two different departments which would compete for limited town funds. In making the superintendent of highways the head of the department of public works, competing budget requests would not be a problem.
We note that the town must follow provisions of the Town Law that would apply to any increase in salary to the elected superintendent of highways as a result of his expanded duties as the administrative head of the department of public works.
We conclude that a town may make its elected superintendent of highways the administrative head of the department of public works.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.